NO. 07-09-0338-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 9, 2011
_____

NATHAN A. HYER,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 140th DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-421,248; HON. JIM BOB DARNELL, PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Nathan A. Hyer, appeals his conviction for possessing a controlled substance, namely cocaine. Though thirteen issues are before us, we only address whether he was denied the assistance of counsel because counsel was not allowed to make a closing argument during the punishment phase of the trial. Our disposition of it is dispositive of the appeal because we reverse the judgment.

Appellant pled guilty to the charged offense without the benefit of an agreement regarding punishment. He also waived his right to a jury and asked the trial court to determine punishment. At the hearing on that matter, both the State and appellant proffered witnesses. When they had done so, the trial court asked: "[d]oes the State close?" The State replied: "[t]he State closes, your honor." Then, the following exchange transpired between the court and defense counsel:

THE COURT: [Appellant], if you'll come up here.

MR. HOGAN: Judge, I didn't close. Could I make a couple of brief suggestions to the Court before you - -

THE COURT: No.

MR. HOGAN: All right.

Why the trial court so denied defense counsel the opportunity to make closing remarks went unexplained. Moreover, the State concedes that the decision evinced reversible error if preserved for review.[1] So, the issue before us is one of preservation; did appellant preserve his complaint about being denied his constitutional right to legal counsel when the trial court refused to allow him to tender closing argument? We conclude he did.

That the State did not ask for opportunity to provide closing argument is undisputed. That the trial court was proceeding to sentence appellant without affording appellant the opportunity to provide such argument is clear. That appellant, through his

---

[1]The right to effective assistance of counsel under the Sixth Amendment guarantees a defendant the opportunity to make a closing argument. *See Herring v. New York,* 422 U.S. 853, 857-58, 95 S.Ct. 2550, 2553, 45 L.Ed.2d 593 (1975). Similarly, a defendant's right to be heard under Article 1, Section 10 of the Texas Constitution assures the defendant the right to make a closing argument. *See Ruedas v. State*, 586 S.W.2d 520, 522-23 (Tex. Crim. App. 1979). Those rights, therefore, are violated when a trial court denies a defendant the opportunity to make a closing argument. *Herring*, 422 U.S. at 857-58, 95 S.Ct. 2550; *Ruedas*, 586 S.W.2d at 522-23. And, the violation gives rise to reversible error without the complainant having to show prejudice. *See Kirk v. State*, No. 05-98-0095-CR, 1999 Tex. App. LEXIS 5743 (Tex. App.–Dallas August 4, 1999, no pet.) (not designated for publication.)

counsel, expressly informed the court that it had yet to "close" and would like to make a couple of comments is also clear, as is the trial court's refusal to let him do so.[2] Admittedly, defense counsel did not use the phrase "closing argument" when asking for leave to speak. Yet, he did ask for the chance to comment once the State "closed" and before the trial court decided what measure of punishment to levy. Furthermore, the request came at that stage of the proceeding when litigants would normally undertake closing argument, *i.e.* after both sides rested. So, we have little difficulty in concluding that a jurist facing like circumstances would interpret the request as one seeking opportunity to proffer closing arguments. *Bennett v. State*, 235 S.W.3d 241, 243 (Tex. Crim. App. 2007) (stating that "'[m]agic words' are not required" to preserve error and "a complaint will be preserved if the substance of the complaint is conveyed to the trial judge").

Next, the request to pursue a procedural step guaranteed by both the United States and Texas Constitutions followed by the trial court's refusal to permit it was sufficient to meet the requisites of Texas Rule of Appellate Procedure 33.1. The latter simply mandates that the complaint raised on appeal be "made to the trial court by timely **request**, objection or motion." (Emphasis added). TEX. R. APP. P. 33.1(a)(1). Omitted from that rule are words expressly obligating the complainant to take further action once a "request" or "motion" is made and denied. There is no need to pursue the historic practice of verbally "excepting" to a decision rejecting the objection, for instance. *See Farrar v. State,* 784 S.W.2d 54, 56 (Tex. App.–Dallas 1989, no pet.). That this is true is exemplified by a defendant's ability to remain silent at trial when evidence is

---

[2]A later effort by defense counsel to have input into the tenor of his client's punishment was also rebuffed. After the trial court pronounced sentence, defense counsel asked: "[w]ill the Court entertain an addition of the ISF recommendation to the judgment?" The court's answer was "[n]o."

being tendered for admission if that evidence was the subject of an unsuccessful motion to suppress. *Flores v. State*, 129 S.W.3d 169, 171-72 (Tex. App.–Corpus Christi 2004, no pet.). Similarly illustrative is the defendant's ability to preserve error involving the refusal to submit a jury instruction by merely requesting the instruction and having the court deny the request. TEX. CODE CRIM. PROC. ANN. art. 36.15 (Vernon 2006). In each instance the trial court had the opportunity to address the matter, and Rule 33.1 simply assures that such an opportunity be afforded the court. *Lopez v. State*, 96 S.W.3d 406, 412 (Tex. App.–Austin 2002, pet ref'd) (stating that Rule 33.1 serves to give the trial court the chance to address potential error in the first instance).

We do note that prior objections or complaints can be waived by subsequent actions or comments of counsel. Saying "no objection" when evidence, made the subject of a prior motion to suppress, has that effect, for instance. Obviously, such a phrase can be accepted for what the plain meaning of the words denote, that the opponent has no objection to what is being done. A like and clear expression of intent was not made here, however. It is conceivable that counsel saying "all right" may mean that the speaker has no problem with or complaint about what is being done, but the context of the comment is all important. We cannot ignore the fact of evolving life that the younger generation often assigns new meaning to old words. "Bad" can be "good," for example.

Here, appellant's counsel was not asked a question to which he responded "all right." Instead, opportunity to comment about punishment was requested and was abruptly denied him. Saying "all right" in reply to such as the unexplained denial of a constitutional right may well evince surprise or the circumstance of being taken aback,

4

as opposed to approval of the trial court's decision to forego closing argument.  This is especially so when, as here, defense counsel later attempted, unsuccessfully, to proffer another suggestion apparently on the topic of punishment.  Moreover, the reporter's record reveals that counsel often said "all right" after others spoke.  That exact phrase was vocalized once when his client testified about being twice sent to "state jail."  So too did counsel say the same words when appellant described how he "started skipping school and getting high" in the seventh grade and that he sold a friend's dog to buy "dope."  In none of those situations could one legitimately interpret "all right" as indicating approval of the conduct disclosed.  Indeed, given the many other instances of counsel muttering the phrase when it had no logical relationship to what had been said, we infer that he simply had a penchant for saying "all right," much like those individuals who intersperse their communication with words like "okay," "like," and "you know."  They mean nothing, generally, and the speaker most likely does not know they are being verbalized.  So, given the circumstances in the record before us, counsel's uttering "all right" cannot reasonably be interpreted as an intent to waive his request to make closing remarks or approve of what the trial court did.

Nor do we find controlling the authority cited by the State to support the argument that the error was not preserved.  For instance, the Court of Criminal Appeals was not addressing the topic of error preservation when writing in *Ruedas v. State*, 586 S.W.2d 520 (Tex. Crim. App. 1979).  So while the defendant there expressly objected and excepted to the refusal to allow closing argument, the case hardly stands for the proposition that one must so object and except to preserve his complaint.  The same also is true of *Kirk v. State*, No. 05-98-0095-CR, 1999 Tex. App. LEXIS 5743 (Tex. App.

5

–Dallas August 4, 1999, no pet.) (not designated for publication). And, to the extent that the reviewing court held in *In re M.A.*, No. 08-02-00544-CV, 2004 Tex. App. LEXIS 5172 (Tex. App.–El Paso June 10, 2004, no pet.) (not designated for publication) that the issue was not preserved because appellant failed to expressly object to the trial court's ruling that denied his request for closing argument, no other courts of appeal other than El Paso have followed it. Nor did the El Paso court support its conclusion with any precedent. Moreover, the opinion could be read as adding another element to Rule 33.1 omitted by those who drafted the proviso. Again, the latter specifies that the complaint tendered for review be encompassed in a "timely request, objection or motion." It does not say that if the complaint was encompassed in a "request," then an "objection" must also be made to preserve the matter once the request is denied.

We opt not to add into a rule what its authors left out. That opportunity is left to the authors should they care to accept it. All an appellant need do is make his complaint known to the trial court through a "request, objection *or* motion;" he need not do more once any of those avenues are travelled. (Emphasis added). *See e.g. Ponce v. State,* 68 S.W.3d 799, 807 (Tex. App.–Amarillo 2001, no pet.) (holding that it was enough to request the particular relief or opportunity to preserve error).

In sum, the complaint at issue was preserved. Since the State conceded it to be harmful error, we reverse the judgment and remand the cause for another punishment hearing.

Brian Quinn
Chief Justice


Publish.

6