

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00521-CR

RODNEY DIMITRIUS LAKE A/K/A
RODNEY D. LAKE

APPELLANT

V.

THE STATE OF TEXAS

STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
## TRIAL COURT NO. 1173627D

----------

## OPINION

----------

Appellant Rodney Dimitrius Lake, also known as Rodney D. Lake, pled not guilty to the offense of sexual assault of a child under seventeen years of age. A jury found Appellant guilty of that offense and assessed his punishment at ten years' imprisonment and a $10,000 fine but recommended that the confinement portion of the sentence be suspended and that Appellant be placed on

community supervision.  The trial court sentenced him accordingly, suspending the imposition of the confinement portion of the sentence and placing him on community supervision for ten years.  About three years later, the State filed a petition for revocation of suspended sentence, alleging that Appellant had violated five conditions of his community supervision, including contacting the complainant and viewing pornography.  The trial court heard the petition to revoke, found two of the allegations true, revoked Appellant's community supervision, and sentenced him to ten years' imprisonment.

In two points, Appellant contends that the trial court violated his rights to due process and effective assistance of counsel by denying his request to present closing argument and that the trial court also violated his right to due process by refusing to consider the entire range of punishment and sentencing him to ten years' confinement based on the original jury verdict.  Because we hold that the trial court committed reversible error by denying Appellant the right to make final argument, we reverse the trial court's judgment and remand this case to the trial court for a new trial.

**Refusal to Allow Final Argument**

Appellant does not challenge the sufficiency of the evidence to support revocation.  Instead, in his first point, he contends that the trial court violated his rights to due process and effective assistance of counsel by denying his request to present closing argument.  At the close of evidence, the following exchange took place:

| | |
|---|---|
| [DEFENSE COUNSEL]: | Can we make a closing statement when the time comes, Your Honor? |
| THE COURT: | Sir? |
| [DEFENSE COUNSEL]: | Can I make a closing statement when the time comes? |
| THE COURT: | I don't need one. |
| | All right. Will you stand, Mr. Lake. Based on the evidence, the Court will make the following findings, rulings, orders, and judgments. |

The trial court then revoked Appellant's community supervision and sentenced him to ten years' confinement, the maximum sentence allowed.

**Preservation**

The State argues that Appellant failed to preserve his complaint because he did not object to the trial court's denial of his request for final argument. The State is incorrect. Texas Rule of Appellate Procedure 33.1 provides,

(a) In General. As a prerequisite to presenting a complaint for appellate review, the record must show that:

(1) the complaint was made to the trial court by a timely request, objection, or motion that:

(A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and

(B) complied with the requirements of the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or Appellate Procedure; and

(2) the trial court:

3

(A) ruled on the request, objection, or motion, either expressly or implicitly; or

(B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.[1]

Appellant properly preserved his complaint for appellate review by requesting to make a final argument and securing the trial court's denial of that request. It is no longer required that a litigant except to the trial court's ruling in order to preserve the complaint.[2] As the Texas Court of Criminal Appeals has held,

> [t]o avoid forfeiture of a complaint on appeal, all a party has to do is let the trial judge know what he wants and why he thinks he is entitled to it and do so clearly enough for the judge to understand the request at a time when the trial court is in a proper position to do something about it.[3]

In *Hyer v. State*, a case directly on point, our sister court in Amarillo explained,

> [W]e have little difficulty in concluding that a jurist facing like circumstances would interpret the request as one seeking opportunity to proffer closing arguments.
>
> Next, the request to pursue a procedural step guaranteed by both the United States and Texas Constitutions followed by the trial court's refusal to permit it was sufficient to meet the requisites of Texas Rule of Appellate Procedure 33.1. The latter simply mandates that the complaint raised on appeal be "made to the trial court by timely ***request***, objection or motion." (Emphasis added). Omitted from that rule are words expressly obligating the complainant to take further action once a "request" or "motion" is

---

[1]Tex. R. App. P. 33.1.

[2]*See id.*; *Bedolla v. State*, 442 S.W.3d 313, 316 (Tex. Crim. App. 2014).

[3]*Bedolla*, 442 S.W.3d at 316.

4

made and denied. There is no need to pursue the historic practice of verbally "excepting" to a decision rejecting the objection, for instance. That this is true is exemplified by a defendant's ability to remain silent at trial when evidence is being tendered for admission if that evidence was the subject of an unsuccessful motion to suppress. Similarly illustrative is the defendant's ability to preserve error involving the refusal to submit a jury instruction by merely requesting the instruction and having the court deny the request. In each instance the trial court had the opportunity to address the matter, and Rule 33.1 simply assures that such an opportunity be afforded the court.[4]

A recent case from this court on this issue, *Collum v. State*,[5] appears at first glance to hold the opposite of the Amarillo court in *Hyer*, but *Collum* is distinguishable on its facts. Collum did not unequivocally request final argument, and this court therefore held that complaint forfeited.[6] Here, however, Appellant specifically and unequivocally asked to offer final argument, and the trial judge clearly denied his request.

Another opinion out of this court, *Crane v. State*,[7] also appears contrary to our holding in the case now before this court:

---

[4]335 S.W.3d 859, 860–61 (Tex. App.—Amarillo 2011, no pet.) (citations omitted).

[5]Nos. 02-13-00395-CR, 02-13-00396-CR, 2014 WL 4243700, at *2 (Tex. App.—Fort Worth Aug. 28, 2014, no pet.) (mem. op., not designated for publication).

[6]*See id.*

[7]No. 02-08-00122-CR, 2009 WL 214195, at *1 (Tex. App.—Fort Worth Jan. 29, 2009, no pet.) (mem. op., not designated for publication).

[A]fter both sides rested, [Crane] moved for directed verdict "based upon the evidence alone," and argued that the evidence was "wholly insufficient even if believed beyond a reasonable doubt." After the trial court found [her] guilty, the record shows the following colloquy between [Crane's] counsel and the trial court:

[DEFENSE COUNSEL]: Can we have some arguments?

THE COURT: I don't think it's necessary because I treat the—the way I consider this is this seems to be some type of involuntary intoxication—not involuntary, but voluntary intoxication with some medications.

Anyway, with that, does either side wish to present any evidence as to punishment?

(the State responds in the negative)

THE COURT: [DEFENSE COUNSEL]?

[DEFENSE COUNSEL]: Nothing further.[8]

The *Crane* court held that after Crane requested final argument and the trial court denied her request, she forfeited her complaint because she failed to object to the trial court's denial of her request for argument.[9] But in reaching that holding, the *Crane* court apparently misconstrued the holding in the case it relied on, an opinion authored by the First Court of Appeals in Houston, *Foster v. State.*[10] The *Foster* court did not hold that Foster forfeited his complaint for

---

[8]*Id.*

[9]*Id.*

[10]80 S.W.3d 639 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *see Crane*, 2009 WL 214195, at *1 n.3.

failure to object to the trial court's denial of his request for oral argument. The

*Foster* court instead determined that Foster did not request oral argument:

> In his first issue, [Foster] contends the trial court violated his constitutional right to counsel by not hearing closing argument prior to adjudicating guilt. The right to closing argument is crucial to the adversarial fact-finding process and is no less critical at a revocation hearing. The trial court abuses its discretion by denying counsel the right to make a closing argument.
>
> In *Ruedas*, defense counsel explicitly requested argument and was refused. In the instant case, however, no such request was made, and the trial court did not refuse to allow [Foster] to make closing arguments or present evidence. To the contrary, the trial court asked [Foster] if he had anything else to add, and he responded that he did not.[11]

Crane, on the other hand, did specifically ask to make final argument. The

trial court said that it did not need final argument but invited both the State and

Crane to offer additional evidence on punishment. Crane responded, "Nothing

further." It is possible that the trial court (and our court) construed that statement

as an abandonment of the request for final argument. But we face no such

confusion in this case. Appellant here made a clear, unambiguous request for

oral argument, as did Crane, but made no further statement that could be

construed as an abandonment of his request.

We also note that an Amarillo case issued after *Hyer*, *Habib v. State*,

essentially reinstates the requirement of formal exception to the trial court's

---

[11]*Foster*, 80 S.W.3d at 640–41 (citations omitted).

ruling,[12] contrary to the plain language of rule 33.1.[13] We believe that that case was wrongly decided. We therefore decline to follow it and rely instead on the plain language of rule 33.1 and the trend of the Texas Court of Criminal Appeals to dispense with formulaic rules of preservation when the trial judge had an opportunity to address the complaint.[14]

**Reversible Error Presumed from Denial of Closing Argument**

As the *Hyer* court explained in a footnote, relying on United States Supreme Court and Texas Court of Criminal Appeals cases, the Sixth Amendment right to effective assistance of counsel and a defendant's right to be heard under Article 1, Section 10 of the Texas Constitution both guarantee a defendant the right to make a closing argument.[15] Those rights, therefore, are violated when a trial court denies a defendant the opportunity to make a closing argument.[16] Because the error is constitutional and the effect of the denial of

[12]431 S.W.3d 737, 741–42 (Tex. App.—Amarillo 2014, pet. ref'd).

[13]*See* Tex. R. App. P. 33.1.

[14]*See, e.g.*, *Bedolla*, 442 S.W.3d at 316; *Bryant v. State*, 391 S.W.3d 86, 92 (Tex. Crim. App. 2012).

[15]*Hyer*, 335 S.W.3d at 860 n.1 (citing *Herring v. New York*, 422 U.S. 853, 857–58, 95 S. Ct. 2550, 2553 (1975), and *Ruedas v. State*, 586 S.W.2d 520, 522–23 (Tex. Crim. App. 1979)); *see also* U.S. Const. amend. VI; Tex. Const. art. I, § 10.

[16]*Herring*, 422 U.S. at 857–58, 95 S. Ct. at 2553; *Ruedas*, 586 S.W.2d at 522–23; *Hyer*, 335 S.W.3d at 860 n.1.

closing argument cannot be assessed, the error is reversible without any showing of harm.[17] We therefore sustain Appellant's first point, which is dispositive. Consequently, we do not reach his second point.[18]

**Conclusion**

We deny Appellant's pending "Motion Regarding Court Reporter's Record" as moot, and having sustained his dispositive first point, we reverse the trial court's judgment and remand this cause to the trial court for a new trial on revocation.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

LIVINGSTON, C.J., concurs without opinion.

PUBLISH

DELIVERED: February 19, 2015

---

[17]*Kirk v. State*, No. 05–98–00095–CR, 1999 WL 566786, at *2 (Tex. App.—Dallas Aug. 4, 1999, no pet.) (not designated for publication) (citing *Herring*, 422 U.S. at 864, 95 S. Ct. at 2556); *see also Hyer*, 335 S.W.3d at 860 n.1.

[18]*See* Tex. R. App. 47.1.