

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD–0737–13

### JOSE ANGEL BEDOLLA, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TENTH COURT OF APPEALS
### BRAZOS COUNTY

MEYERS, J., delivered the opinion of the Court in which KELLER, P.J., and PRICE, JOHNSON, KEASLER, HERVEY, COCHRAN, and ALCALA, JJ., joined. WOMACK, J., concurred.

O P I N I O N

Appellant, Jose Angel Bedolla, was convicted of aggravated assault with a deadly weapon and leaving the scene of an accident involving injury. The jury assessed a sentence of three years' imprisonment and a $10,000 fine for the aggravated assault and a five year probated sentence and $5,000 fine for leaving the scene. Appellant appealed the trial court's failure to include a self-defense instruction in the jury charge. The court of

appeals held that the issue was not preserved for review. *Bedolla v. State*, No. 10-11-00268-CR, 2013 Tex. App. LEXIS 5740 (Tex. App.–Waco May 9, 2013) (mem. op.) (not designated for publication). Appellant filed a petition for discretionary review, which we granted to consider whether the court of appeals erred in holding that Appellant failed to preserve his complaint regarding the trial court's refusal to submit a self-defense with deadly-force instruction because uncharged contemporaneous conduct could have given rise to a self-defense instruction. We shall reverse the judgment of the court of appeals and remand the case for consideration of the merits of Appellant's issue.

## FACTS

Appellant picked up a prostitute, Janniful Walton. Appellant stated that he gave her money for oral sex but changed his mind. Walton asked Appellant to drive her to her sister's house, and he agreed to do so, but when he stopped at a stop sign, she reached across and turned off the ignition. He turned the car back on and began to drive and Walton told him to stop. When he stopped, Appellant said he saw a knife in Walton's hand coming at him, so he punched her in the face and tried to take the knife, but Walton cut him in the hand. Appellant stated that he and Walton were struggling and he told her to get out of his car. Walton stepped out of the car, but then reached back into the car as Appellant was accelerating, causing the car door to close and Walton to fall. Appellant said that as he drove off, he felt the back wheel run over something. He said that he did not intend to run over her and did not know he was even close to her but he "just took

off" because he was scared and in a panic. Appellant repeatedly stated throughout his testimony that he acted in self-defense.

Walton's version of the events was considerably different. She stated that Appellant propositioned her for oral sex and she got into his car but at some point she became uncomfortable and asked him to stop and let her out of the car. When he refused, she tried to grab the steering wheel and reached for the key to turn off the car. The two struggled, and Appellant hit Walton in the face. Walton said she cut Appellant with a knife she carried for protection. She said that she opened the passenger door and fell out of the car. Appellant then ran over her, possibly two times, and drove away.[1]

Count one of the indictment stated that Appellant did "intentionally, knowingly or recklessly cause bodily injury to Janniful Walton by running over her with a motor vehicle and the defendant did then and there use or exhibit a deadly weapon, to-wit: a motor vehicle." Count two charged Appellant with leaving the scene.

Appellant requested that two instructions be added to the jury charge: "A necessity defense on just the failure to stop and render aid, and a self-defense on the assault with a deadly weapon." The trial court gave the necessity instruction but denied Applicant's request for a self-defense instruction. After the jury charge was prepared, the trial court asked if there were any objections. The following exchange occurred:

THE COURT: The State is happy with the charge. What does the

---

[1]Walton said that she did not have a clear memory of the night of the incident so she was not sure if she had been run over once or twice.

| | |
|---|---|
| | defense say? |
| [Defense]: | The defense requested two charges. One has been included. One hasn't. Specifically, the first requested jury charge, the defense would ask that that be included in this charge. |
| THE COURT: | The self-defense? |
| [Defense]: | Yes, sir, Your Honor. |
| THE COURT: | All right. That's going to be denied. |

The charge was read to the jury and the parties made closing arguments. After several hours of deliberation, the jury found Appellant guilty of both counts.

## COURT OF APPEALS

Appellant appealed the trial court's failure to instruct the jury on self-defense. In a memorandum opinion, the court of appeals affirmed the trial court's judgment. The court of appeals agreed with the State that Appellant's issue was not preserved for review because Appellant did not specify his self-defense theory as self-defense with deadly force, and there was evidence that Appellant used both non-deadly and deadly force. *Bedolla*, 2013 Tex. App. LEXIS 5740 at *4. The court of appeals reasoned that, because self-defense and self-defense with deadly force are separate statutory defenses, Appellant's request was not specific enough to convey to the trial court that his complaint was referencing the failure to submit an instruction on self-defense with deadly force to the jury. *Id*. at *5.

We granted Appellant's petition for discretionary review to determine whether the court of appeals erred in holding that he failed to preserve his complaint for review.

## ARGUMENTS OF THE PARTIES

Appellant argues that, given the evidence raised at trial and the issues before the trial court, Appellant's request for a jury instruction on "self-defense on the assault with a deadly weapon" was an unambiguous request for a jury instruction pursuant to Penal Code section 9.32.[2]  Thus, Appellant argues that he properly preserved his complaint for review.  Appellant cites *Carmen v. State*, 276 S.W.3d 538, 541 (Tex. App.–Houston [1st Dist.] 2008), and states that it is appropriate for courts of appeals "to examine the context of the evidence at the trial and the issues before the trial court."  Appellant argues that the court of appeals in this case failed to properly examine the context of the evidence and failed to examine the evidence in light of the issues before the trial court.  Appellant agrees that, if he had been charged with assault, then there may have been confusion as to which justification instruction he was seeking.  However, because he was not charged with causing bodily injury to Walton by punching her in the face, he could not have been asking for an instruction with respect to non-deadly force.  The uncharged conduct that was contemporaneous with the charged conduct was not an issue before the court.

The State argues that Appellant failed to preserve error because he did not inform

---

[2] Penal Code Section 9.32 states that:
(a) A person is justified in using deadly force against another:
   (1) if the actor would be justified in using force against the other under Section 9.31; and
   (2) when and to the degree the actor reasonably believes the deadly force is immediately necessary:
        (A) to protect the actor against the other's use or attempted use of unlawful deadly force; or
        (B) to prevent the other's imminent commission of aggravated kidnapping, murder, sexual assault, aggravated sexual assault, robbery, or aggravated robbery.

the trial court of the specific basis of his self-defense claim. The State cites *Bennett v. State*, 235 S.W.3d 241, 243 (Tex. Crim. App. 2007), and says that the substance of a complaint must be conveyed to the trial judge without requiring the court to mull over evidence. The State notes that Appellant did not provide the court with a written document showing his requested instruction and did not tell the court what the requested instruction should include. According to the State, the record does not show that Appellant objected to the exclusion of a self-defense instruction with enough specificity to put the trial court on notice as to which theory of self-defense he was requesting. The State says that the request was ambiguous as to which defense was being requested, so the court of appeals correctly concluded that any error related to the trial court's denial of the requested instruction was not preserved for appeal.

## ANALYSIS

Rule of Appellate Procedure 33.1 states that:

(a) As a prerequisite to presenting a complaint for appellate review, the record must show that:
(1) the complaint was made to the trial court by a timely request, objection, or motion that:
(A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and
(B) complied with the requirements of the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or Appellate Procedure; and
(2) that the trial court:
(A) ruled on the request, objection, or motion, either expressly or implicitly; or

(B) refused to rule on the request, objection, or motion, and
the complaining party objected to the refusal.

To avoid forfeiture of a complaint on appeal, all a party has to do is let the trial judge know what he wants and why he thinks he is entitled to it and do so clearly enough for the judge to understand the request at a time when the trial court is in a proper position to do something about it. *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992).

In *Bennett v. State*, the appellant requested an instruction on self defense, stating that, "based upon the totality of all the circumstances and all the witnesses, that it was testified during the trial of this case . . . that the justification of self-defense has been raised by the evidence. . . ." 235 S.W.3d at 242. The appellant complained on appeal that the trial judge erred in failing to submit jury instructions on defense of a third person and defense of property. We disagreed and stated:

> Self-defense and defense of a third person are separate defenses enumerated in separate sections of the Penal Code. A request with respect to the former does not by itself alert the trial judge with respect to the latter. Nor are we persuaded by appellant's contention that the trial judge should have been aware of her complaint because defense counsel used the words 'in this case' and because evidence at trial existed that would have supported the submission of an instruction on defense of a third person. We do not require a trial judge to mull over all the evidence introduced at trial in order to determine whether a defendant's request for a jury instruction means more than it says. 'Magic words' are not required; a complaint will be preserved if the substance of the complaint is conveyed to the trial judge. But appellant's complaint here did nothing more than convey that she wanted an instruction on self-defense.

*Id*. at 243 (internal citations omitted). We also noted that the record did not indicate that the trial judge understood the appellant's request for a self-defense instruction to include

defense of a third person. We held that the appellant had failed to place the trial judge on notice that she wanted an instruction on defense of a third person, and therefore the trial judge did not err in failing to instruct the jury on that defense. *Id*.

In the case before us, the court of appeals agreed with *Bennett*. However, *Bennett* is distinguishable from this case in that each of the defenses in question in *Bennett*–self-defense, defense of a third person, and defense of property–could apply to the charged offense of assault. Here, while there was evidence that Appellant used both self-defense by punching Walton in the face and self-defense with deadly force by running over her with his car, the indictment makes it clear that Appellant was not charged with causing bodily injury to Walton by punching her in the face. Thus, in contrast to *Bennett*, there was only one defense–self-defense with deadly force–that would justify the conduct with which Appellant was charged. The court of appeals focused on the evidence of Appellant hitting Walton, which was contextual extraneous-offense evidence and not evidence of the charged offense. Only deadly-force self-defense would have justified Appellant's conduct of aggravated assault with a deadly weapon as charged in the indictment. There would be no reason for Appellant to request an instruction on a defense to conduct with which he was not even charged. The court of appeals should have focused on the charged offense rather than considering the uncharged conduct in analyzing Appellant's request for a jury instruction.

**CONCLUSION**

The court of appeals erred in holding that Appellant's complaint was not preserved for review. The judgment of the court of appeals is reversed, and the case is remanded for consideration of the merits of Appellant's sole issue.

Delivered: September 17, 2014

Publish