

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00541-CR

WILLIAM BUCKNER HUBBLE                                    APPELLANT

V.

THE STATE OF TEXAS                                            STATE

----------

### FROM THE 235TH DISTRICT COURT OF COOKE COUNTY
### TRIAL COURT NO. 07-256

----------

## MEMORANDUM OPINION[1]

----------

Appellant William Buckner Hubble was charged with unlawfully possessing a firearm at a location other than where he lived after having been convicted of a felony. *See* Tex. Penal Code Ann. § 46.04(a) (West 2011). The State filed notice of its intention to use two prior felony convictions to enhance punishment to habitual offender status. The notice included a 1994 felony possession-of-a-

---

[1]*See* Tex. R. App. P. 47.4.

controlled-substance conviction and a 1987 felony burglary-of-a-motor-vehicle conviction.

A jury found Hubble guilty of unlawfully possessing a firearm. Prior to commencement of the punishment phase of trial, Hubble's defense attorney objected to the use of Hubble's 1987 burglary-of-a-motor-vehicle conviction as a prior felony conviction for enhancement purposes because the legislature had reclassified that offense from a felony to a misdemeanor after Hubble's 1987 conviction. The trial court overruled the objection.

During the punishment phase of trial, the State introduced evidence to support the two prior felony convictions. The State also introduced evidence of Hubble's prior misdemeanor convictions for assault in 1997, possession of marijuana in 2003 and in 2005, driving while intoxicated in 1993 and 2005, and possession of a prohibited weapon in 2006 and of a 1987 judgment revoking probation for burglary of a habitation.

During closing arguments, Hubble's attorney argued,

> Now, the charge, of course, has a huge wide range just like I told you it would during voir dire. You can assess anywhere from two to 99 years or life, depending upon your findings after you review this charge on punishment.
>
> . . . The State has alleged that he committed the crime, or was convicted of a crime of burglary of a motor vehicle in 1987. That would have made him around 19 years old. I don't know very many people that would want to be judged on their behavior as a 19 year old.
>
> Now, did there happen to be a gun? Obviously not. . . . . But another thing to remember about burglary of a motor vehicle, and no

2

one is saying it's a good crime. There's not such a thing. But you also need to realize that since then and now—

The State then objected that "he's going outside the record." The trial court sustained the objection.

The jury found both enhancement allegations to be true, which increased the punishment range to a minimum of 25 years' imprisonment and a maximum of 99 years' or life imprisonment, and assessed Hubble's punishment at sixty years' confinement. *See* Tex. Penal Code Ann. §12.42(d) (West Supp. 2014). The trial court sentenced Hubble accordingly. Although Hubble did not timely perfect an appeal, the Texas Court of Criminal Appeals granted his request for leave to file an out of time appeal. *See Ex Parte Hubble*, No. WR-79509-01, 2013 WL 5568448 (Tex. Crim. App. Oct. 9, 2013) (not designated for publication).

In two issues, Hubble contends that the trial court abused its discretion by sustaining the State's objection to his closing argument as set forth above. Hubble argues that the trial court's ruling impermissibly limited his closing argument and deprived him of his Sixth Amendment right to counsel. Hubble acknowledges that the Texas Court of Criminal Appeals has held that the State may use for enhancement purposes a prior felony that has since been reclassified as a misdemeanor. *See State v. Wooldridge*, 237 S.W.3d 714, 716–17 (Tex. Crim. App. 2007). And he concedes that the State's use of his prior conviction for burglary of a motor vehicle for enhancement was proper in this

3

case because that offense was classified as a felony at the time of his 1987 conviction. Rather, Hubble asserts that he should have been allowed to tell the jury that the offense of burglary of a motor vehicle has since been reclassified as a misdemeanor and that, consequently, had he committed that offense a few years later, the State could not have used it to enhance his punishment in this case.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Landers v. State*, 402 S.W.3d 252, 254 (Tex. Crim. App. 2013); *Sample v. State*, 405 S.W.3d 295, 300 (Tex. App.—Fort Worth 2013, pet. ref'd). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011). "To avoid forfeiture of a complaint on appeal, all a party has to do is let the trial judge know what he wants and why he thinks he is entitled to it and do so clearly enough for the judge to understand the request at a time when the trial court is in a proper position to do something about it." *Bedolla v. State*, 442 S.W.3d 313, 316 (Tex. Crim. App. 2014).

Here, Hubble did not inform the trial court of the specific argument he intended to make after the State interrupted his argument to object and after the

4

trial court sustained the State's objection. Defense counsel argued, "[A]nother thing to remember about burglary of a motor vehicle, and no one is saying it's a good crime. There's not such a thing. But you also need to realize that since then and now—" The only other argument in the record that sheds light on what defense counsel was attempting to argue was his objection at the beginning of the punishment phase of trial to the State's use of Hubble's 1987 burglary of a vehicle conviction for enhancement. Specifically, defense counsel stated,

> Judge, I am going to object to the portion and to any enhancement that's come up with regard to burglary of a motor vehicle inasmuch as that offense since then has been reduced to a Class A -- I mean, not this particular one. I'm saying the legislature since the '80s has realized -- has thought better of it and gone back in and made that a Class A misdemeanor. I don't think it's fair to come at him two decades later using it as a felony enhancement. And we are asking that that be removed from the charge.

As the State recognizes on appeal, Hubble was not required to formally except to the trial court's ruling on the State's objection to preserve error for appeal but the only matter apparent to the trial court from the context of the record was that defense counsel wanted to inform the jury that it should not use the prior burglary conviction for enhancement because it has been reclassified as a misdemeanor. To the extent that defense counsel was attempting to make any other argument, he has not preserved his complaint for appeal. *See* Tex. R. App. P. 33.1(a)(1). And to the extent that defense counsel was attempting to argue that the jury should not use Hubble's 1987 felony conviction to enhance his punishment because it has since been reclassified as a misdemeanor, this is not

5

a proper statement of the law, as conceded by Hubble on appeal. *See Wooldridge*, 237 S.W.3d at 716–17. This argument is also contrary to the law contained in the jury charge. *See State v. Renteria*, 977 S.W.2d 606, 608 (Tex. Crim. App. 1998) (holding that jury argument stating law contrary to the jury charge is improper). The jury charge stated the applicable law regarding the jury's consideration of the prior felony offenses alleged by the State for enhancement; the jury was tasked with determining whether the allegation of the prior conviction was true beyond a reasonable doubt. An argument that the jury find the allegation not true because the prior offense is no longer classified as a felony would be an improper suggestion that the jury refuse to follow the law. *See Eckert v. State*, 672 S.W.2d 600, 603 (Tex. App.—Austin 1984, pet. ref'd).

Because Hubble was not entitled to make the only argument preserved for appeal and because he did not preserve for appeal any other complaint regarding his attempted jury argument, we overrule Hubble's two issues and affirm the trial court's judgment. *See* Tex. R. App. P. 33.1(a)(1).

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DAUPHINOT, J. concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 23, 2014