PD-0474-15

PD-0474-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 4/28/2015 1:16:18 PM
Accepted 4/29/2015 10:44:32 AM
ABEL ACOSTA
CLERK

CAUSE NO. 02-14-00259-CR

IN THE COURT OF APPEALS

FOR THE SECOND COURT OF APPEALS DISTRICT

FORT WORTH, TEXAS

MELISSA ALMAGUER
Appellant,

V.

THE STATE OF TEXAS,
Appellee.

On appeal from Cause No. F-2012-1538-C, the 211th Judicial District Court

Denton County, Texas

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

FILED IN
COURT OF CRIMINAL APPEALS

April 29, 2015

ABEL ACOSTA, CLERK

HAMMERLE FINLEY
LAW FIRM
Craig M. Price
State Bar No. 16284170
2871 Lake Vista Drive,
Suite150
Lewisville, Texas 75067
Telephone: 972-436-9300
Telecopier: 972-436-9000
cmp@hammerle.com

ATTORNEY FOR APPELLANT

# I.
## Identity of Parties and Counsel

Trial Judge: Honorable L. Dee Shipman
211th Judicial District Court
1450 E. McKinney, 2nd Floor
Denton, Texas 76209

Appellant: Melissa Almaguer

Counsel: Craig M. Price,
E-Mail: cmp@hammerle.com
**HAMMERLE & FINLEY**, **LLC**
2871 Lake Vista Drive, Suite 150
Lewisville, Texas 75067
Tele: 972-436-9300
Facsimile: 972-436-9000
SBN 16284170

State: Catherine Luft
1450 E. McKinney Street, Suite 3100
Denton, Texas 76209
SBN 24013067

## II.

## Table of Contents

IDENTITY OF PARTIES AND COUNSEL ...................................................ii

TABLE OF CONTENTS.......................................................................iii

TABLE OF AUTHORITIES .......................................................................iv

STATEMENT OF FACTS .......................................................................... 1

SUMMARY OF ARGUMENT ..................................................................... 3

APPENDIX ........................................................................................ 17

Issue No. 1.    The trial court refused Appellant right to present closing argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Issue No. 2:    Court of Appeals held that Appellant failed to preserve her complaint. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

Issue No. 3:    Lower court erred in holding that Appellant acquiesced to no argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

Issue No. 4:    This Court should resolve dispute of significant issue. . . . 14

# III.

# Table of Authorities

*Jefferson v. State,* 803 S.W.2d 470, 471-72 (Tex. App.—Dallas 1991,
pet. ref'd) ............................................................................................. 4

*Fielding v. State*, 719 S.W.2d 261, 368 (Tex. App.—Dallas1986, pet ref'd) .. 5

*Lake v. State*, Cause No. 02-13-00521-CR, *1, at pp. 7-9 (Tex. App.—Fort Worth,
Feb. 19, 2015, no pet. yet)……………………………………………5

*Collum v. State,* Cause No. 02-13-00395 and no. 02-13-00396-CR, *1, at p.4 [Tex.
App. Fort Worth, August 28, 2014, no pet]……………………………..8

*Hyer v. State*, 335 S.W.3d 859, 860-61 [Tex. App.—Amarillo 2011, no pet.] …10

*Canales v. State*, 98 S.W.3d 690, 693 (Tex. Crim. App. 2003) ................... 10

*Samuel v. State*, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972)..................... 9

*Bedolla v. State*, 442 S.W.3d 313, 316 (Tex. Crim. App. 2014) .................. 22

*Bennett v. State*, 235 S.W.3d 241, 243 (Tex. Crim. App. 2007). ………….11

# IV.

# STATUTES

Texas R. App. P. 66.1. ................................................................................. 1

Tex. R. App. P. 33.1(a) ............................................................................... 8

Tex. R. App. P. 33.1……………………………………………………9

IN THE COURT OF APPEALS
FOR THE SECOND COURT OF APPEALS DISTRICT
FORT WORTH, TEXAS

MELISSA ALMAGUER,
Appellant,

VS.

THE STATE OF TEXAS,
Appellee.

On appeal from Cause No. F-2012-1538-C, in the 211th Judicial District Court,
Denton County, Texas

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW, Appellant, Melissa Almaguer, and files her Petition for

Discretionary Review pursuant to Texas R. App. P. 66.1, and in support thereof

respectfully shows this Court the following:

## I.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant waives oral argument unless requested by this Court.

## II.

## STATEMENT OF THE CASE

Appellant initially pled guilty to the state jail felony offense of possession of a controlled substance of less than one gram as part of a plea bargain agreement with the State, and she was sentenced to deferred adjudication for three years, beginning on January 16, 2013. The State sought to proceed with an adjudication of guilt based on several alleged technical violations and the commission by Appellant of a new offense, a misdemeanor theft. The trial court conducted an adjudication hearing on May 30, 2014, after which the trial court found the allegations to be true and sentenced Appellant to confinement in a State Jail Facility for two years.

Appellant appealed the trial court's judgment on several grounds, and the Second court of appeals affirmed the trial court's judgment.

## III.

## STATEMENT OF PROCEDURAL HISTORY

The trial court adjudicated Appellant as guilty on May 30, 2014, and sentenced her to two years confinement in a Texas State Jail Facility. Appellant appealed, and the second court of appeals affirmed the trial court's judgment on February 26, 2015. Appellant timely filed her Motion for Rehearing and Motion for Rehearing *En Banc*, which was denied on March 26, 2015.

Appellant timely files her Petition for Discretionary Review on April 27, 2015.

## IV.

## GROUND FOR REVIEW

**Ground One:** **The trial court erred in refusing to permit Appellant's trial counsel to present closing argument.**

## V.

## ARGUMENT

Appellant initially pled guilty to the state jail felony offense of possession of a controlled substance of less than one gram as part of a plea bargain agreement with the State, and was sentenced to deferred adjudication for three years, beginning on January 16, 2013.  On or about February 19, 2014, the State filed its Motion to Proceed With Adjudication of Guilt, and the Court conducted a contested hearing on the State's motion on May 30, 2014.  [2 RR 14]

At trial, Lance Washburn, an employee with the Denton County Adult Probation Department, testified during the State's case about the terms of probation that allegedly applied to Appellant.  [2 RR 6-26]  At the conclusion of Appellant's case on rebuttal, both sides rested.  [2 RR 63 (Court: "I'll close on the true and not true phase, I guess I'll call it.)]  Only Appellant's uncle testified during punishment, and the State offered no other evidence, not even through cross-examination.  [2 RR 66-67]

*A. Trial court refused Appellant right to present closing argument.*

Immediately after closing the testimony, and without offering any opportunity for the attorneys to provide closing argument, the trial court indicated that he was going to sentence Appellant to the maximum amount of time in jail:

> **Court:** I'm going to sentence the Defendant to two years confinement in the state jail. Any reason the Defendant should not be sentenced at this time?
>
> **Defense:** No argument, Your Honor?
>
> **Court:** *I don't feel like I need any argument*.

[2 RR 67 (emphasis added)] Then, with no explanation for the basis of its maximum punishment, the trial court reiterated its decision and sentenced Appellant to "two years confinement in the state jail division of the Texas Department of Criminal Justice." [2 RR 67]

Appellant sought a new trial on punishment because the trial court improperly deprived her of any closing argument of the evidence through her counsel. By denying Appellant *any summation of the evidence* and rendering a sentence immediately after a relatively short but hotly contested hearing to proceed with adjudication, the trial court signaled its reliance on passion and disdain for Appellant's actions rather than a cool, careful deliberation of the entire range of punishment. *See Jefferson v. State,* 803 S.W.2d 470, 471-72 (Tex. App.—Dallas 1991, pet. ref'd) (defendant denied due process because trial court's action effectively excluded evidence relevant to punishment, it precluded consideration of

the full range of punishment, and it deprived defendant of a fair and impartial tribunal at the punishment phase) (citing *Fielding v. State*, 719 S.W.2d 261, 368 (Tex. App.—Dallas1986, pet ref'd).

On appeal, Appellant argued that she had a constitutional right to present closing argument, pursuant to the Sixth Amendment right to counsel and the Fifth Amendment right to due process – both applied to the States through the Fourteenth Amendment to the United States Constitution -- as well as the concomitant right to counsel and right to due course of law in the Texas Constitution. *Appellant's Brief,* pp. 20-21.

### B. Court of appeals held that Appellant failed to preserve her complaint.

On February 19, 2015, one week before it issued its opinion in Appellant's case, the second court of appeals held that a trial court commits harmful error by denying the defendant's request to present closing argument at the end of a hearing to revoke the defendant's probation. *Lake v. State*, Cause No. 02-13-00521-CR, *1, at pp. 7-9 (Tex. App.—Fort Worth, Feb. 19, 2015, no pet. yet). Although the second court of appeals had previously recognized that the denial of the right to present closing argument in a probation revocation hearing constituted harmful error, the same court held that Appellant's counsel failed to preserve error on her complaint that the trial court denied her the opportunity to present closing argument. *Op.*, at pp.6-7.

In *Lake*, the defendant was convicted of sexual assault of a child under age 17, and the jury assessed his punishment at ten years and recommended that the sentence be probated. *See Lake Op*., at pp. 1-2. Three years later, the trial court conducted a hearing on the State's motion to revoke the defendant's probation and found two of the allegations to be true. Therefore, the trial court sentenced the defendant to ten years' imprisonment. *Id*., at p. 2. The defendant in *Lake* complained on appeal that the trial court denied his right to due process and right to effective assistance of counsel by denying his request to present closing argument. *Id*., at p. 2.

The lower court held in *Lake* that the trial court committed reversible error by failing to allow a defendant's counsel to present closing argument at a hearing to revoke his probation:

> [T]he Sixth Amendment right to effective assistance of counsel and a defendant's right to be heard under Article 1, Section 10 of the Texas Constitution both guarantee a defendant the right to make a closing argument. [citations omitted] **Those rights, therefore, are violated when a trial court denies a defendant the opportunity to make a closing argument. [citations omitted]** <u>**Because the error is constitutional and the effect of the denial of closing argument cannot be assessed, the error is reversible without any showing of harm**</u>. [citations omitted].

*Lake Op*., at pp. 8-9 (emphasis added).

The court also rejected the State's claim that the defendant had failed to preserve error:

Appellant properly preserved his complaint for appellate review **by requesting to make a final argument and securing the trial court's denial of that request**. It is no longer required that a litigant except to the trial court's ruling in order to preserve the complaint. [citation omitted]

*See Lake Op.*, at pp. 3-4 (emphasis added).

Based on its decision in *Lake*, the lower court had determined that a trial court's failure to grant a defendant's request to present closing argument in a hearing to revoke the defendant's probation necessarily constitutes harmful error. *Lake*, Op., at pp. 8-9. Therefore, as long as Appellant requested the opportunity to present closing argument, it follows that the trial court committed reversible error by refusing that request. [2 RR 67]

Despite its reversal under almost identical facts in *Lake*, the lower court held that Appellant's counsel failed to properly request the opportunity to present closing argument and, as a result, failed to preserve error on that complaint. *Op.*, at p. 7. However, the exchange over closing argument in *Lake* was virtually identical to the exchange in Appellant's case:

### *LAKE Opinion*

At the close of evidence, the following exchange took place:

| [Defense counsel]: | Can I make a closing statement when the time comes? |
|---|---|
| The Court: | I don't ***need*** one. |

*See Lake Op.*, at pp. 2-3 (emphasis added).

## ALMAGUER Opinion

*Immediately after the close of testimony, and without offering any opportunity for the attorneys to provide closing argument, the trial court stated as follows:*

> **Court:** I'm going to sentence the Defendant to two years confinement in the state jail. Any reason the Defendant should not be sentenced at this time?
>
> **Defense:** No argument, Your Honor?
>
> **Court:** *I don't feel like I need any argument.*

[2 RR 67 (emphasis added)]

The second court of appeals held that Appellant's counsel failed to preserve any complaint about the trial court's refusal to permit closing argument:

> [Appellant's] counsel only asked if there would be any closing arguments; he did not specifically request to make a closing argument. And [Appellant] acquiesced in the trial court's decision to not hear closing arguments by replying, "Okay" when the trial court said no arguments were needed. Thus, [Appellant] has not preserved this issue for our review.

*Op.*, at p. 7. The court cited Tex. R. App. P. 33.1(a) and its own 2014 decision in *Collum v. State,* Cause No. 02-13-00395 and no. 02-13-00396-CR, *1, at p.4 [Tex. App. Fort Worth, August 28, 2014, no pet] as support for its holding that Appellant failed to preserve her complaint because she did not object to the trial court's refusal to allow a defendant to make a closing argument. *Op.*, at p. 7.

However, the lower court had stated in *Lake* – again, just one week before this opinion and well after the decision in *Collum* – that Tex. R. App. P. 33.1 does ***not*** require a party to object to the trial court's denial:

> It is no longer required that a litigant except to the trial court's ruling in order to preserve the complaint.

*Lake Op.*, at p. 4. The court's failure to even cite its decision in *Lake*, while relying instead on *Collum* as authority for the point that Appellant had to not only request oral argument but also except to the trial court's denial of the opportunity to present closing argument in order to preserve her complaint, is misplaced. *Op.*, at p.7.

*Collum* wrongly interpreted the current preservation requirements of Tex. R. App. P. 33.1(a)(1)(A), and the court of appeals in *Lake* correctly rejected *Collum*'s analysis. in *See Collum v. State*, Cause No. 02-13-00395-CR and No. 02-13-00396-CR, *1, at p. 4. Still, the lower court in Appellant's case followed the incorrect logic of *Collum* rather than the proper – and more recent -- holding in *Lake*. *Compare Lake Op.*, at pp. 3-4 *with Op.*, at p. 7.

**The question remains: Did Appellant fail to preserve her complaint about the trial court's denial of the opportunity to present closing argument?**

As noted in *Lake*, Tex. R. App. P. 33.1 provides:

(a) In General. As a perquisite to presenting a complaint for appellate review, the record must show that:

(1) the complaint was made to the trial court by a timely request, objection, or motion that:

    (A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and

    (B)  complied with the requirements of the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or Appellate Procedure; and

(2) the trial court:

    (A) ruled on the request, objection, or motion, either expressly or implicitly; or

    (B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

Tex. R. App. P. 33.1; *Lake Op.*, at pp. 3-4.

No talismanic words are needed to preserve error as long as the court can understand what the complaint is from the context. *Clark v. State*, 365 S.W.3d 333, 337 (Tex. 2012); *Lake Op.*, at p. 4 (quoting *Hyer v. State*, 335 S.W.3d 859, 860-61 [Tex. App.—Amarillo 2011, no pet.]) ("[W]e have little difficulty in concluding that a jurist facing like circumstances would interpret the request as one seeking opportunity to proffer closing arguments."). *See also Bedolla v. State*, 442 S.W.3d 313, 316 (Tex. Crim. App. 2014) (all party has to do is let trial judge know what the party wants, clearly enough for judge to understand when it is in a

position to do something about it). *See also Lake Op.*, at p. 4 (quoting *Bedolla*, 442. S.W.3d at 316).

The Texas Court of Criminal Appeals also has stated that strict reliance on particular phrases when making objections at trial are a thing of the past:

> To be sure, there are reported cases which seem to take a more slavish and unforgiving approach, but these have dwindled in importance as they have in frequency. Contemporary examples are now few and far between, and **it is our purpose that they become even less common in the future**.

*Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992) (emphasis added).

More recently, the Court of Criminal Appeals has stated that "magic words" are not required to preserve error, and a complaint will be preserved if the substance of the complaint is conveyed to the trial judge. *Bennett v. State*, 235 S.W.3d 241, 243 (Tex. Crim. App. 2007).

The trial judge in this case clearly understood Appellant's counsel's comment of, "No argument, Your Honor?" as a request to present closing statements following the conclusion of all evidence, which is why the trial court responded with a denial of the request for closing argument in a manner that was almost verbatim to the phrase used by the trial judge in *Lake*: **"I don't feel like I need any argument."** [*Compare* 2 RR 67 *with Lake Op.*, at p. 3 (**"I don't need [closing argument]."**).

The reporter's record necessarily cannot include the inflection in counsel's voice when he asked, "No argument, Your Honor?" [*although the court reporter*

*understood that Defendant's counsel was asking a question rather than making a statement about argument*], but the totality of counsel's statement and inflection, along with the context of Appellant's request, which occurred at a time in criminal proceedings typically devoted to closing arguments of counsel, clearly indicated to the judge Appellant's request to present closing argument in order to summarize her position.

Likewise, the trial court's response – "I don't feel like I need any argument" – clearly communicated to Appellant's counsel that Appellant would not be allowed to present any closing argument to summarize the evidence or her position, nor would Appellant be allowed to request a particular result or sentence during such closing statement or argument.

If Appellant's counsel was *not* requesting the opportunity to present closing argument, a different response from the trial court would have been expected, something to indicate that the status of closing argument was not an issue. But closing argument was an issue. Everyone in the courtroom, including the experienced trial judge, understood exactly what Appellant's counsel was asking for – an opportunity to present closing argument -- and everyone understood that the trial court denied Appellant's request for closing argument on the grounds that the trial court was not going to be swayed by statements from counsel for the State or Appellant; thus, the trial court did not feel like he needed any argument.

To hold that Appellant failed to preserve her complaint about the denial of the opportunity to present closing argument under these circumstances constitutes the type of "slavish and unforgiving approach" to the preservation of error that the Texas Court of Criminal Appeals has argued against. *Lankston v. State*, 827 S.W.2d at 909.

C. **Lower court erred in holding that Appellant acquiesced to no argument.**

The lower court also erred by holding that counsel's response of "Okay," after being told by the trial judge that he did not need any argument, constituted a waiver of the request to present closing argument. *Op.*, at p. 7.

The Amarillo court of appeals held in a similar case -- when defense counsel replied "All right" to a trial court's denial of closing argument at the conclusion of a punishment hearing -- that counsel's colloquial statement was not in response to a question and could not be considered a clear expression of any intent to waive the complaint about the denial of closing argument.. *Hyer*, 335 S.W.3d at 861.

Likewise, Appellant's counsel's colloquial statement of "okay" in response to the trial court's denial of the opportunity to present closing argument cannot be considered as a clear waiver of the request to present such argument; counsel merely acknowledged the trial court's denial of that request. [2 RR 67]

### D. This Court should resolve dispute of significant issue.

This Court should grant Appellant's petition for discretionary review because: (1) the court's decision in this case conflicts with another court of appeals' decision on the same issue; and (2) this court has decided an importanat question of state law that has not been, but should be, settled by the Court of Criminal Appeals; and (3) this court has decided an important question of law in a manner that conflicts with decisions of the Court of Criminal Appeals. See Tex. R. App. P. 66.3(a), (b) and (c).

The second court of appeals issued opinions in *Collum*, *Lake* and Appellant's case within six months of each other (August 28, 2014 to February 26, 2015); all three opinions concern the denial of a request to present closing argument during a probation/adjudication hearing; all three opinions concern whether the defendant ***preserved error*** to complain about the denial of closing argument; at least two of the opinions – first *Collum* and now Appellant's case – appear to conflict with the intervening opinion in *Lake* regarding whether the defendant not only had to request closing argument but also had to object to the trial court's refusal to grant closing argument in order to preserve error, which also conflicts with Texas Rule of Appellate Procedure 33.1 and decisions from this Court of Criminal Appeals; and the court's decision in Appellant's case appears to

reject the clear "trend of the Texas Court of Criminal Appeals to dispense with formulaic rules of preservation when the trial judge had an opportunity to address the complaint." *Lake Op.*, at p. 8.

For the same reason that was stated in *Lake*, this Court of Criminal Appeals should reverse the lower court's judgment and opinion that Appellant failed to preserve error on her complaint that the trial court erred in denying her the right to have counsel present closing argument. Because Appellant preserved her complaint, and because such error is harmful, this Court should reverse the judgment against Appellant and remand for a new trial on Appellant's adjudication. *See Lake Op.*, at p. 9 (court reversed and remanded for a new trial on revocation).

As a result, Appellant respectfully moves this Court to grant her petition for discretionary review, reverse the judgment and opinion of the court of appeals, reverse the trial court's determination of punishment and remand this matter to the trial court for a new trial on punishment.

## VI.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, PREMISES CONSIDERED, Appellant Melissa Almaguer respectfully moves this Court of Criminal Appeals to reverse the judgment adjudicating her guilty and assessing her punishment at two years confinement in a

state jail facility and remand this matter to the trial court for a new trial only on

punishment phase of the State's Motion to Proceed With Adjudication.

Respectfully submitted,<br>
/s/ Craig M. Price<br>
Craig M. Price<br>
State Bar No. 16284170<br>
Email: cmp@hammerle.com<br>
HAMMERLE FINLEY LAW FIRM<br>
2871 Lake Vista Dr., Suite 150<br>
Lewisville, Texas 75067<br>
Tel: (972) 436-9300<br>
Fax: (972) 436-9000<br>
Attorney for Petitioner

## CERTIFICATE OF SERVICE

This is to certify that on April 27, 2015, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Denton County, 1450 E. McKinney St., Denton, Texas, 76209, via facsimile.

/s/ Craig M. Price<br>
Craig M. Price

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies, pursuant to Tex. R. App. 9.4(i)(4), that the foregoing Petition for Discretionary Review contains a total of 3,952 words.

/s/ Craig M. Price<br>
Craig M. Price

## **APPENDIX**

1.  Memorandum Opinion from February 26, 2015

2.  Opinion from February 19, 2015

3.  Memorandum Option from August 28, 2014



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00259-CR

MELISSA ALMAGUER                                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. F-2012-1538-C

----------

## MEMORANDUM OPINION[1]

----------

### I. Introduction

In four points, Appellant Melissa Almaguer appeals a two-year sentence imposed after the trial court adjudicated her guilty of violating conditions of her deferred adjudication community supervision. We will affirm.

----

[1]See Tex. R. App. P. 47.4.



DEFENDANT'S
EXHIBIT

## II. Background

On January 16, 2013, Almaguer pleaded guilty to possession of less than one gram of a controlled substance with the intent to deliver. Following this plea, the trial court placed her on three years' deferred adjudication community supervision and imposed a $1000 fine. Almaguer acknowledged the terms of her probation and signed the order deferring adjudication.

On February 19, 2014, the State filed a motion to adjudicate guilt alleging six violations: that Almaguer (1) committed a new offense, (2) failed to complete her community service, (3) failed to complete a drug/alcohol evaluation within the required time frame, (4) failed to complete the drug education program, (5) failed to pay the laboratory fee, and (6) failed to complete a life skills course. After a hearing on the merits, the trial court found all of the allegations true, adjudicated Almaguer guilty, revoked her probation, and assessed punishment at two years' confinement in the Texas Department of Criminal Justice.

## III. Standard of Review

Appellate review of the decision to adjudicate guilt is "in the same manner" as review of the revocation of community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2014). To prevail in a hearing on a motion to revoke community supervision, the State must prove that the defendant violated a condition of community supervision as alleged in the petition. *Lopez v. State*, 46 S.W.3d 476, 481 (Tex. App.—Fort Worth 2001, pet. ref'd). Proving any *one* of the alleged violations of the conditions of community supervision is sufficient to

2

support a revocation order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980). The State's burden of proof in a revocation proceeding is by a preponderance of the evidence. *Lopez*, 46 S.W.3d at 481–82. Appellate review of an order revoking community supervision is limited to a determination of whether the trial court abused its discretion. *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983).

## IV. Discussion

In her first point, Almaguer argues that the trial court erred by refusing to grant a directed verdict after the State's case-in-chief. In her second and third points, she asserts that the evidence is insufficient to support the punishment and that the trial court failed to consider the entire range of punishment. In her final point, Almaguer argues that the trial court erred by denying her the right to present closing argument.

### A. Directed Verdict

Almaguer asserts that the trial court erred in denying the directed verdict because the State failed to present any evidence that she is the same person as the defendant in the new offense and furthermore that she is the same "Melissa Almaguer" who had been placed on probation.

The burden of proving a probationer's identity in a revocation hearing is not the same as the burden of proving the identity of an accused in a criminal trial. *See Rice v. State*, 801 S.W.2d 16, 17 (Tex. App.—Fort Worth 1990, pet. ref'd).

3

In a probation revocation, the State need only prove its case by a preponderance of the evidence. *Id.*

At the revocation hearing, the trial court first took judicial notice of its record. Afterward, Denton County Probation Officer Lance Washburn testified to the cause number of the case, his familiarity with Almaguer, the crime for which she received probation, when she was placed on probation, how long she was to be on probation, and the details of her transfer to Tarrant County. In addition, the trial judge presiding over the revocation was the same judge who had placed Almaguer on probation in 2013, and the attorney representing Almaguer at the revocation hearing was the same attorney that represented her when she was placed on probation. *See Barrow v. State*, 505 S.W.2d 808, 810–11 (Tex. Crim. App. 1974) (holding that witness testimony identifying the defendant was not necessary when the same judge who granted appellant's probation also revoked it, and the attorney representing appellant at the revocation had the same name as the attorney representing appellant when the court granted probation). Given these facts, we hold that the trial court had sufficient evidence to believe that the "Melissa Almaguer" at the revocation hearing was the same person placed on probation in 2013.

To prove the violations alleged in the petition, Officer Washburn testified that Almaguer violated each of the conditions as alleged in the petition. The State also introduced into evidence a judgment and sentence of the new offense

committed by "Melissa Almaguer" in Tarrant County while Almaguer was on probation.

Because at the time of the motion for the directed verdict Almaguer was sufficiently identified and because any one of the violations would have been sufficient to support an order to revoke, the trial court did not err by denying the directed verdict nor did it abuse its discretion in adjudicating Almaguer's guilt. *See Rice*, 801 S.W.2d at 17 (holding that the State satisfies its burden of proof in a revocation hearing when "the greater weight of the credible evidence before the court creates a reasonable belief that a condition of probation has been violated"). We overrule her first point.

## B. Punishment Complaints

In her second and third points, Almaguer asserts that the trial court abused its discretion by assessing the maximum punishment of two years' confinement and by refusing to consider the entire range of punishment.

Generally, an appellant may not complain about her sentence for the first time on appeal. *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995); *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986); *Means v. State*, 347 S.W.3d 873, 874 (Tex. App.—Fort Worth 2011, no pet.) ("Because Appellant did not object to his sentences when they were imposed or present his motions for new trial to the trial court, he failed to preserve his sentencing complaints for appellate review."); *Laboriel-Guity v. State*, 336 S.W.3d 754, 756 (Tex. App.—Fort Worth 2011, pet. ref'd). Here, Almaguer did not complain about her

5

sentence in the trial court. When the trial court asked if there was any legal reason why it should not sentence Almaguer, defense counsel said there was not. Because Almaguer did not raise these issues with the trial court, she has not preserved these complaints for our review. *See* Tex. R. App. P. 33.1(a); *see also Woodward v. State*, No. 02-13-00519-CR, 2014 WL 6601936, at * 1 (Tex. App.—Fort Worth Nov. 20, 2014, no pet. h.) (mem. op., not designated for publication) (holding that in a revocation hearing "[a]ppellant forfeited his sentencing complaint by not raising it on allocution or in his motion for new trial"). We overrule her second and third points.

## C. Closing Arguments

In her final point, Almaguer argues that the trial court erred by refusing to permit her counsel to present a closing argument.

The following exchange took place between the trial court and counsel in this case:

[Defense Counsel]: The Defense rests, Your Honor.

The Court: Anything from the State?

[Prosecutor]: Close.

The Court: I'll close the testimony. I'm going to sentence the Defendant to two years confinement in the state jail. Any reason the Defendant should not be sentenced at this time?

[Prosecutor]: No, Your Honor.

The Court: Any legal reason, Counsel?

[Defense Counsel]: No argument, Your Honor?

6

The Court: I don't feel like I need any argument.

[Defense Counsel]: Okay

The Court: Any legal reason the Defendant should not be sentenced?

[Defense Counsel]: No legal reason, Your Honor.

Almaguer's counsel only asked if there would be any closing arguments; he did not specifically request to make a closing argument. And Almaguer acquiesced in the trial court's decision to not hear closing arguments by replying, "Okay" when the trial court said no arguments were needed. Thus, Almaguer has not preserved this issue for our review. *See* Tex. R. App. P. 33.1(a); *see also Collum v. State*, Nos. 02-13-00395-CR, 02-13-00396-CR, 2014 WL 4243700, at *1–2 (Tex. App.—Fort Worth Aug. 28, 2014, no pet.) (mem. op., not designated for publication) (holding that because appellant did not object to the trial court's refusal to allow appellant to make a closing argument, she did not preserve error for review). We overrule her final point.

## V. Conclusion

Having overruled Almaguer's four points, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

7

DELIVERED:  February 26, 2015



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00521-CR

RODNEY DIMITRIUS LAKE A/K/A
RODNEY D. LAKE
APPELLANT

V.

THE STATE OF TEXAS
STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
### TRIAL COURT NO. 1173627D

----------

## OPINION

----------

Appellant Rodney Dimitrius Lake, also known as Rodney D. Lake, pled not guilty to the offense of sexual assault of a child under seventeen years of age. A jury found Appellant guilty of that offense and assessed his punishment at ten years' imprisonment and a $10,000 fine but recommended that the confinement portion of the sentence be suspended and that Appellant be placed on



DEFENDANT'S
EXHIBIT
2

community supervision. The trial court sentenced him accordingly, suspending the imposition of the confinement portion of the sentence and placing him on community supervision for ten years. About three years later, the State filed a petition for revocation of suspended sentence, alleging that Appellant had violated five conditions of his community supervision, including contacting the complainant and viewing pornography. The trial court heard the petition to revoke, found two of the allegations true, revoked Appellant's community supervision, and sentenced him to ten years' imprisonment.

In two points, Appellant contends that the trial court violated his rights to due process and effective assistance of counsel by denying his request to present closing argument and that the trial court also violated his right to due process by refusing to consider the entire range of punishment and sentencing him to ten years' confinement based on the original jury verdict. Because we hold that the trial court committed reversible error by denying Appellant the right to make final argument, we reverse the trial court's judgment and remand this case to the trial court for a new trial.

**Refusal to Allow Final Argument**

Appellant does not challenge the sufficiency of the evidence to support revocation. Instead, in his first point, he contends that the trial court violated his rights to due process and effective assistance of counsel by denying his request to present closing argument. At the close of evidence, the following exchange took place:

2

| [DEFENSE COUNSEL]: | Can we make a closing statement when the time comes, Your Honor? |
|---|---|
| THE COURT: | Sir? |
| [DEFENSE COUNSEL]: | Can I make a closing statement when the time comes? |
| THE COURT: | I don't need one. |
| | All right. Will you stand, Mr. Lake. Based on the evidence, the Court will make the following findings, rulings, orders, and judgments. |

The trial court then revoked Appellant's community supervision and sentenced him to ten years' confinement, the maximum sentence allowed.

**Preservation**

The State argues that Appellant failed to preserve his complaint because he did not object to the trial court's denial of his request for final argument. The State is incorrect. Texas Rule of Appellate Procedure 33.1 provides,

(a) In General. As a prerequisite to presenting a complaint for appellate review, the record must show that:

(1) the complaint was made to the trial court by a timely request, objection, or motion that:

(A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and

(B) complied with the requirements of the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or Appellate Procedure; and

(2) the trial court:

3

(A) ruled on the request, objection, or motion, either expressly or implicitly; or

(B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.[1]

Appellant properly preserved his complaint for appellate review by requesting to make a final argument and securing the trial court's denial of that request. It is no longer required that a litigant except to the trial court's ruling in order to preserve the complaint.[2] As the Texas Court of Criminal Appeals has held,

> [t]o avoid forfeiture of a complaint on appeal, all a party has to do is let the trial judge know what he wants and why he thinks he is entitled to it and do so clearly enough for the judge to understand the request at a time when the trial court is in a proper position to do something about it.[3]

In *Hyer v. State*, a case directly on point, our sister court in Amarillo explained,

> [W]e have little difficulty in concluding that a jurist facing like circumstances would interpret the request as one seeking opportunity to proffer closing arguments.
>
> Next, the request to pursue a procedural step guaranteed by both the United States and Texas Constitutions followed by the trial court's refusal to permit it was sufficient to meet the requisites of Texas Rule of Appellate Procedure 33.1. The latter simply mandates that the complaint raised on appeal be "made to the trial court by timely *request*, objection or motion." (Emphasis added). Omitted from that rule are words expressly obligating the complainant to take further action once a "request" or "motion" is

---

[1]Tex. R. App. P. 33.1.

[2]*See id.*; *Bedolla v. State*, 442 S.W.3d 313, 316 (Tex. Crim. App. 2014).

[3]*Bedolla*, 442 S.W.3d at 316.

4

made and denied. There is no need to pursue the historic practice of verbally "excepting" to a decision rejecting the objection, for instance. That this is true is exemplified by a defendant's ability to remain silent at trial when evidence is being tendered for admission if that evidence was the subject of an unsuccessful motion to suppress. Similarly illustrative is the defendant's ability to preserve error involving the refusal to submit a jury instruction by merely requesting the instruction and having the court deny the request. In each instance the trial court had the opportunity to address the matter, and Rule 33.1 simply assures that such an opportunity be afforded the court.[4]

A recent case from this court on this issue, *Collum v. State*,[5] appears at first glance to hold the opposite of the Amarillo court in *Hyer*, but *Collum* is distinguishable on its facts. Collum did not unequivocally request final argument, and this court therefore held that complaint forfeited.[6] Here, however, Appellant specifically and unequivocally asked to offer final argument, and the trial judge clearly denied his request.

Another opinion out of this court, *Crane v. State*,[7] also appears contrary to our holding in the case now before this court:

---

[4]335 S.W.3d 859, 860–61 (Tex. App.—Amarillo 2011, no pet.) (citations omitted).

[5]Nos. 02-13-00395-CR, 02-13-00396-CR, 2014 WL 4243700, at *2 (Tex. App.—Fort Worth Aug. 28, 2014, no pet.) (mem. op., not designated for publication).

[6]*See id.*

[7]No. 02-08-00122-CR, 2009 WL 214195, at *1 (Tex. App.—Fort Worth Jan. 29, 2009, no pet.) (mem. op., not designated for publication).

[A]fter both sides rested, [Crane] moved for directed verdict "based upon the evidence alone," and argued that the evidence was "wholly insufficient even if believed beyond a reasonable doubt." After the trial court found [her] guilty, the record shows the following colloquy between [Crane's] counsel and the trial court:

[DEFENSE COUNSEL]: Can we have some arguments?

THE COURT: I don't think it's necessary because I treat the—the way I consider this is this seems to be some type of involuntary intoxication—not involuntary, but voluntary intoxication with some medications.

Anyway, with that, does either side wish to present any evidence as to punishment?

(the State responds in the negative)

THE COURT: [DEFENSE COUNSEL]?

[DEFENSE COUNSEL]: Nothing further.[8]

The *Crane* court held that after Crane requested final argument and the trial court denied her request, she forfeited her complaint because she failed to object to the trial court's denial of her request for argument.[9] But in reaching that holding, the *Crane* court apparently misconstrued the holding in the case it relied on, an opinion authored by the First Court of Appeals in Houston, *Foster v. State*.[10] The *Foster* court did not hold that Foster forfeited his complaint for

---

[8]*Id.*

[9]*Id.*

[10]80 S.W.3d 639 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *see Crane*, 2009 WL 214195, at *1 n.3.

6

failure to object to the trial court's denial of his request for oral argument. The

*Foster* court instead determined that Foster did not request oral argument:

> In his first issue, [Foster] contends the trial court violated his constitutional right to counsel by not hearing closing argument prior to adjudicating guilt. The right to closing argument is crucial to the adversarial fact-finding process and is no less critical at a revocation hearing. The trial court abuses its discretion by denying counsel the right to make a closing argument.
>
> In *Ruedas*, defense counsel explicitly requested argument and was refused. In the instant case, however, no such request was made, and the trial court did not refuse to allow [Foster] to make closing arguments or present evidence. To the contrary, the trial court asked [Foster] if he had anything else to add, and he responded that he did not.[11]

Crane, on the other hand, did specifically ask to make final argument. The

trial court said that it did not need final argument but invited both the State and

Crane to offer additional evidence on punishment. Crane responded, "Nothing

further." It is possible that the trial court (and our court) construed that statement

as an abandonment of the request for final argument. But we face no such

confusion in this case. Appellant here made a clear, unambiguous request for

oral argument, as did Crane, but made no further statement that could be

construed as an abandonment of his request.

We also note that an Amarillo case issued after *Hyer*, *Habib v. State*,

essentially reinstates the requirement of formal exception to the trial court's

---

[11]*Foster*, 80 S.W.3d at 640–41 (citations omitted).

ruling,[12] contrary to the plain language of rule 33.1.[13] We believe that that case was wrongly decided. We therefore decline to follow it and rely instead on the plain language of rule 33.1 and the trend of the Texas Court of Criminal Appeals to dispense with formulaic rules of preservation when the trial judge had an opportunity to address the complaint.[14]

**Reversible Error Presumed from Denial of Closing Argument**

As the *Hyer* court explained in a footnote, relying on United States Supreme Court and Texas Court of Criminal Appeals cases, the Sixth Amendment right to effective assistance of counsel and a defendant's right to be heard under Article 1, Section 10 of the Texas Constitution both guarantee a defendant the right to make a closing argument.[15] Those rights, therefore, are violated when a trial court denies a defendant the opportunity to make a closing argument.[16] Because the error is constitutional and the effect of the denial of

---

[12]431 S.W.3d 737, 741–42 (Tex. App.—Amarillo 2014, pet. ref'd).

[13]*See* Tex. R. App. P. 33.1.

[14]*See, e.g., Bedolla*, 442 S.W.3d at 316; *Bryant v. State*, 391 S.W.3d 86, 92 (Tex. Crim. App. 2012).

[15]*Hyer*, 335 S.W.3d at 860 n.1 (citing *Herring v. New York*, 422 U.S. 853, 857–58, 95 S. Ct. 2550, 2553 (1975), and *Ruedas v. State*, 586 S.W.2d 520, 522–23 (Tex. Crim. App. 1979)); *see also* U.S. Const. amend. VI; Tex. Const. art. I, § 10.

[16]*Herring*, 422 U.S. at 857–58, 95 S. Ct. at 2553; *Ruedas*, 586 S.W.2d at 522–23; *Hyer*, 335 S.W.3d at 860 n.1.

closing argument cannot be assessed, the error is reversible without any showing of harm.[17]  We therefore sustain Appellant's first point, which is dispositive.  Consequently, we do not reach his second point.[18]

Conclusion

We deny Appellant's pending "Motion Regarding Court Reporter's Record" as moot, and having sustained his dispositive first point, we reverse the trial court's judgment and remand this cause to the trial court for a new trial on revocation.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

LIVINGSTON, C.J., concurs without opinion.

PUBLISH

DELIVERED:  February 19, 2015

---

[17]*Kirk v. State*, No. 05–98–00095–CR, 1999 WL 566786, at *2 (Tex. App.—Dallas Aug. 4, 1999, no pet.) (not designated for publication) (citing *Herring*, 422 U.S. at 864, 95 S. Ct. at 2556); *see also Hyer*, 335 S.W.3d at 860 n.1.

[18]*See* Tex. R. App. 47.1.

9



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 02-13-00395-CR
NO. 02-13-00396-CR

ANASTASIA LYNETTE COLLUM          APPELLANT

V.

THE STATE OF TEXAS          STATE

----------

FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1302596D
TRIAL COURT NO. 1317410D

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

In one point, Appellant Anastasia Lynette Collum appeals her punishment

assessed by the trial court after the revocation of her deferred adjudication

---

[1]*See* Tex. R. App. P. 47.4.


DEFENDANT'S
EXHIBIT
3
Blumberg No. 5114

community supervision in trial court cause number 1302596D and her placement on deferred adjudication community supervision in trial court cause number 1317410D. We will affirm.

## II. Background

In January 2013, in exchange for five years' deferred adjudication community supervision and, among other conditions, the condition that she not commit a new offense against the laws of the State of Texas while on supervision, Collum pleaded guilty to theft of property valued under $1500. *See* Tex. Penal Code Ann. §§ 31.03(a), (e)(3) (West Supp. 2014). Collum also pleaded true to two prior convictions. In March 2013, the State filed a petition to proceed to adjudication, alleging that Collum had violated the no-new-offense condition of her community supervision on two occasions plus committed multiple violations of her community supervision. Specifically pertaining to new offenses, the State alleged that Collum had entered a "habitation with intent to commit theft"[2] and that she had committed theft of an automobile valued between $1,500 and $20,000.

At the adjudication hearing, Collum pleaded guilty to the new theft charge and true to the State's other allegations. The trial court then proceeded to punishment.

---

[2]At the hearing, the State waived "Count Two" which would appear from the record to have been the State's allegation regarding entry of a habitation with intent to commit theft.

2

After both sides presented evidence and rested, the State waived its right to open closing argument. The court then expressed to Collum's counsel that he could close. Counsel responded, "If I could have just a moment, Your Honor?" Before counsel could close, however, the trial court offered Collum the choice between four years' incarceration based upon multiple convictions or the adjudication of the original theft charge (1302596D) with a sentence of two years in jail and deferred adjudication community supervision for the new theft charge (1317410D).

Collum chose to accept the trial court's option of adjudication of guilt on the original theft charge (1302596D) with a two-year jail term, plus being placed on deferred adjudication community supervision on the new theft charge (1317410D). The trial court rendered judgment accordingly, sentencing Collum to two years in jail and placing her on deferred adjudication community supervision. Neither the trial court, the State, nor Collum's counsel again mentioned closing arguments, and the hearing came to a close. This appeal followed.

## III. Discussion

In her sole point, Collum argues that the trial court erred by not allowing her counsel to make a closing argument. The State argues that Collum failed to preserve this issue for our review. We agree with the State.

3

A trial court abuses its discretion by denying counsel the right to make a closing argument. *See Ruedas v. State*, 586 S.W.2d 520, 524 (Tex. Crim. App. [Panel Op.] 1979). But to preserve error in the denial of closing argument, counsel must have notified the trial court of the desire to present closing argument, the trial court must have refused that request, and counsel must have asserted a timely objection to the trial court's ruling denying closing argument. *See Crane v. State*, No. 02–08–00122–CR, 2009 WL 214195, at *1 (Tex. App.— Fort Worth Jan. 29, 2009, pet. ref'd) (per curiam) (mem. op., not designated for publication); *see also* Tex. R. App. P. 33.1.

Here, Collum made an equivocal request for closing argument which, by proceeding to adjudicate and sentence her, the trial court impliedly denied. Collum, however, did not voice an objection to the trial court's implied ruling denying her closing argument. As such, Collum has failed to preserve any error in the trial court's denial of closing argument. *See Habib v. State*, 431 S.W.3d 737, 740–41 (Tex. App.—Amarillo 2014, pet. ref'd) (holding that appellant failed to preserve denial of closing argument issue for appeal because "appellant did not voice an objection to the trial court's implied ruling denying appellant closing argument"). We overrule Collum's sole issue on appeal.

## IV. Conclusion

Having overruled Collum's sole issue on appeal, we affirm the trial court's judgments.

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 28, 2014

5